IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL J. LEE,**

    **Plaintiff,**

**v.**                                                                                            **Case No. 09-CV-933 JEC/RHS**

**APD DETECTIVE KEVIN MORANT;**
**et al.;**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Plaintiff Michael J. Lee's *Objection to and Appeal of Magistrate Order [Doc. 64] Denying Motion to Compel Compliance of Two TV Stations to a Subpoena Duces Tecum*, filed December 29, 2010 (Doc. 65). The Court, having reviewed the submissions of Plaintiff and non-parties KOAT-TV and KOB TV, LLC and the relevant law, finds that Plaintiff's Objection and Appeal is not well-taken and should be overruled.

**I.**     **BACKGROUND**

This lawsuit arises out of the arrest and pre-trial detention of the Plaintiff related to the murders of an elderly couple in December 2006. At the time, Plaintiff was working in Albuquerque as a door-to-door salesman with Travis Rawley. Both Plaintiff and Rawley were questioned by police concerning the murders, and Rawley confessed, allegedly after he was tricked or coerced by police. With the assistance of DNA evidence, police eventually identified a third man, Clifton Bloomfield, as the killer. It is Plaintiff's contention that he should have been cleared of any wrongdoing earlier and that continued erroneous representations by law enforcement and prosecutors that he was involved in the murders has damaged his reputation.

Rule 45 of the Federal Rules of Civil Procedure provides a method for parties to compel others, including non-parties, to provide information relevant to their claims.  However, Rule 45 protects those subject to subpoenas by requiring parties and/or their counsel to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED.R.CIV.P. 45(c)(1).  The issuing court "*must* quash or modify a subpoena that subjects a person to undue burden."  FED.R.CIV.P. 45(c)(3)(A)(iv) (emphasis added).

Plaintiff in this litigation served Rule 45 subpoenas upon each of the local Albuquerque television stations requesting "Any and all video, audio and written materials concerning or regarding the criminal cases of: Clifton Bloomfield, Jason Skaggs, Michael Lee, Travis Rowley, Tak and Pung Yi, Scott Pierce. This request includes any and all media that was aired network wide between December 3, 2007 and November 6, 2009," and "Any and all video, audio or written outtakes of the above mentioned subjects for the above mentioned time period." *See Pl.'s Motion to Compel* at Exs. 1-3, filed Sept. 9, 2010 (Doc. 50).  Attorneys for two of the three local television stations objected to the subpoena on the grounds that the plaintiff refused to pay the reasonable cost of locating, copying, and producing the requested documents.  *See Pl.'s Motion to Compel* at Ex. 4 ("The principle issue between us is, however, our request that you pay the reasonable cost incurred by KOB in locating, duplicating and producing these broadcast materials.") and Ex. 5 (noting KOAT's objections to the subpoena "given the enormous amount of time and effort it would take for KOAT to research, locate and dub the responsive aired video" and, further, "that there is a production fee that must be prepaid, based on the volume of responsive materials, prior to any production being made").

In his Motion to Compel the television stations to produce the requested materials, Plaintiff asserted that, "Broadcasters' liability for damages for defamation is not off the table [and] can only

be taken off the table if complete compliance with the subpoenas reveals that Broadcasters, like the public, were mis-led by the police and did not censor publicly available, scientifically established truth." *Pl.'s Motion to Compel* at 6. Thereafter, two of the three local television stations filed responses objecting to the *Motion to Compel* -- one of them noting "Plaintiff's attempt to use nonparty discovery as a fishing expedition to obtain pre-suit discovery so he can sue the nonparty TV stations for defamation." *Nonparty KOAT-TV's Memo. of Law in Opp. to Pl.'s Motion to Compel* at 3, filed Oct. 27, 2010 (Doc. 55).

The non-party television stations have substantial evidence of the burdensome nature of the proposed discovery. KOAT asserts that its preliminary computer search has identified "411 news stories that are potentially responsive to the Subpoena." *Nonparty KOAT-TV's Memo. of Law in Opp. to Pl.'s Motion to Compel* at 6. Because "[t]here could be additional broadcast news reports that are responsive to the Subpoena that did not turn up in the computer search of KOAT-TV's archive," KOAT states that an employee must manually review the four-and-a-half hours of new coverage each day for the nearly two-year period requested in order to respond to the Subpoena. *Nonparty KOAT-TV's Memo. of Law in Opp. to Pl.'s Motion to Compel* at 6. In the end, compliance with the Subpoena "would take a full-time employee approximately twelve to fifteen days if that employee devoted all of his or her time solely to this task." *Nonparty KOAT-TV's Memo. of Law in Opp. to Pl.'s Motion to Compel* at 6. Although it faces a similar burden in responding to the subpoena, KOB has stated that it "simply seeks to cover its costs in providing this production," namely $3,750.00 for an estimated fifteen hours of research and copying news reports. *Nonparty KOB-TV, LLC's Resp. in Opp. to Motion to Compel* at 5, filed Oct. 27, 2010 (Doc. 56).

Magistrate Judge Robert H. Scott denied Plaintiff's Motion to Compel, finding that the requested news clips were "unreasonably cumulative" because the clips "will be obtained from

another source." *Order Denying Motion to Compel TV Stations' Compliance with Subpoena Duces Tecum* at 2, filed Dec. 15, 2010 (Doc. 64).  Further, Magistrate Judge Scott founds there was "an enormous burden upon the broadcaster" to comply. *Id.*  Plaintiff now appeals Magistrate Judge Scott's Order.

## II.   LEGAL STANDARD

Rule 72(a) governs non-dispositive pretrial matters referred to a magistrate judge.  It provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  FED.R.CIV.P. 72(a).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

## III.  ANALYSIS

Initially, the Court is informed by the language of Rule 45, which requires that parties such as Plaintiff "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  FED.R.CIV.P. 45(c)(1).  Where a party such as Plaintiff fails to take such steps, the Court "must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply."  *Id.*  The Court is required, pursuant to Rule 45, to quash or modify a subpoena that subjects a person to undue burden.  FED.R.CIV.P. 45(c)(3)(A)(iv).

Given the affidavits from KOAT and KOB detailing the costs of compliance with Plaintiff's subpoena and given Plaintiff's unwillingness to bear any portion of that cost, the Court cannot find that the subpoenas in this case are not unduly burdensome.  Although the burden would be

reasonable if Plaintiff would agree to compensate KOAT and KOB at least in part, Plaintiff has proven unwilling or unable to do so. *See Pl.'s Reply to KOB and KOT's Responses to Pl.'s Objection to and Appeal of Magistrate Order* at 2-3, filed Jan. 28, 2011 (Doc. 70) (offering not to pay even a portion of the broadcasters' costs but offering only to copy the tapes himself). As such, the Court is in agreement with Magistrate Judge Scott that the subpoenas are overly burdensome. The Court therefore cannot hold that the *Order Denying Motion to Compel TV Stations' Compliance with Subpoena Duces Tecum*, filed Dec. 15, 2010 (Doc. 64) is clearly erroneous or contrary to law.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Objection to and Appeal of Magistrate Order [Doc. 64] Denying Motion to Compel Compliance of Two TV Stations to a Subpoena Duces Tecum*, filed December 29, 2010 (Doc. 65), is OVERRULED. Magistrate Judge Robert H. Scott's *Order Denying Motion to Compel TV Stations' Compliance with Subpoena Duces Tecum*, filed Dec. 15, 2010 (Doc. 64) will stand.

_____
SENIOR FEDERAL DISTRICT JUDGE

Brad D. Hall, Esq.
Albuquerque, NM
*Attorney for Plaintiff*

Kathryn Levy, Esq.
Albuquerque, NM
*Attorney for Defendants*

Theresa W. Parrish, Esq.
Albuquerque, NM
*Attorneys for Subpoenaed Non-Party KOAT-TV*

Geoffrey D. Rieder, Esq.
Albuquerque, NM
*Attorney for Subpoenaed Non-Party KOB TV, LLC*